Lawrence C. Ecoff, Esq. (SBN 143814)
Yaron M. Tilles, Esq. (SBN 208556)
Rachel L. Stein, Esq. (SBN 257411)
**ECOFF CAMPAIN & TILLES, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:	(310) 887-1850
Facsimile:	(310) 887-1855
E-mail:	ecoff@ecofflaw.com
	tilles@ecofflaw.com
	stein@ecofflaw.com

Attorneys for Plaintiff, EFT
EFT HOLDINGS, INC., f/k/a EFT BIOTECH
HOLDINGS, INC., a Nevada corporation

TERM PTY/NO JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EFT HOLDINGS, INC., f/k/a EFT BIOTECH HOLDINGS, INC., a Nevada corporation,<br><br>　　　　　EFTs,<br>　vs.<br>CTX VIRTUAL TECHNOLOGIES, INC., a Delaware corporation; BUCKMAN, BUCKMAN, & REID, INC., a Delaware corporation, CLIFF RHEE, an individual; PETER LAU, an individual,<br><br>　　　　　CTXs. | Case No.: CV 15-01597-GW(CWx)<br>[Honorable George H. Wu presiding]<br><br>**DEFAULT JUDGMENT AGAINST CTX VIRTUAL TECHNOLOGIES, INC.** |

## I. INTRODUCTION

Plaintiff EFT Holdings, Inc. f/k/a Biotech Holdings, Inc. ("EFT") moved for default judgment against Defendant CTX Virtual Technologies, Inc. ("CTX") pursuant to Federal Rule of Civil Procedure ("Rule") 55. EFT's Second Amended Complaint was filed on December 28, 2015 (Doc. No. 49), and alleges that

Defendants Peter Lau, Buckman, Buckman, & Reid, Inc., Cliff Rhee, and CTX participated in a fraudulent scheme to induce EFT to invest millions of dollars into CTX based on material misrepresentations regarding CTX's business.

On August 25, 2016, the Court conducted a hearing on EFT's Application for Default Judgment Against CTX.  After reviewing the relevant filings and hearing oral argument, the Court concludes that default judgment against CTX is appropriate because EFT has: (1) satisfied all mandatory procedural requirements; (2) justified an entry of default via the allegations of the Second Amended Complaint; (3) sought remedies deemed proper by the Court[1]; and (4) shown it is entitled to relief. Accordingly, EFT's application for a default judgment against CTX is **GRANTED** as to the three causes of action asserted against CTX and CTX is ordered to pay damages in the amount of $2,500,000.00 and costs in the amount of $2883.51.

## II.  BACKGROUND

On May 26, 2016, the Court struck the Answer of CTX in this case after CTX had failed to secure replacement counsel.  (*See* Doc. No. 82; *see also* Doc. No. 72 (order granting motion to withdraw of previous counsel).)  EFT secured CTX's default that same day.  (*See* Doc. No. 81.)

In its Second Amended Complaint ("SAC"), EFT pled three claims against CTX: (1) the first cause of action, for breach of the covenant of good faith and fair dealing; (2) the third cause of action, for fraud-misrepresentation; and (3) the fourth cause of action, for fraud-concealment.  (*See* Doc. No. 49.)  Insofar as CTX is concerned, the SAC contained the following factual allegations.

CTX sought outside investment in or around April 2010.  *See* SAC ¶ 12.  EFT became interested in the opportunity and received a series of reports and facts about CTX, some via CTX directly.  *See id.* ¶¶ 13-17, 19.  Amongst that information was

---

[1] For the reasons set forth in this Court's Tentative Ruling on EFT's Application for Default Judgment, the Court will not grant EFT's request for punitive damages or pre-judgment interest against CTX.

that CTX intended to become a reporting company under the Securities and Exchange Act of 1934. *See id.* ¶ 16.

Based upon the information and representations, EFT decided to enter into a lending/investment relationship with CTX. *See id.* ¶ 20. One term of the agreement centered on CTX's listing of its stock on the American Stock Exchange, OTC Bulletin Board, or NASDAQ by February 28, 2011. *See id.* ¶ 21(b). CTX later exercised its power under the parties' agreement to convert the principal amount it owed to EFT into common stock, making EFT one of CTX's largest shareholders. *See id.* ¶¶ 22-23.

As of June 2014, CTX still had not completed its filing of an S-1 in order to obtain registration on the stock exchange, and still has not secured all of the necessary audited financial statements. *See id.* ¶ 35. To date, CTX still has not listed its stock on the American Stock Exchange, OTC Bulletin Board, or NASDAQ, meaning that the shares EFT owns are not freely-traded on the open public market. *See id.* ¶ 24. In addition, CTX has had several additional rounds of financing, substantially diluting EFT's shareholder interest in CTX. *See id.*

EFT's first cause of action against CTX is based upon CTX's failure to secure the necessary filings sufficient for CTX's stock to be openly-traded on the stock market. *See id.* ¶¶ 38-39. EFT's affirmative fraud claim against CTX involves, in part, various false representations made in offering documents prepared (by or on behalf of CTX) for EFT's review, upon which EFT relied in providing funds. *See id.* ¶¶ 55-58, 60-61. The omissions giving rise to EFT's fourth cause of action for relief largely rely on the non-disclosed information that made the affirmative representations delineated in the third cause of action false. *See id.* ¶ 67.

### III. ANALYSIS

A. Discretionary Factors Examined to Determine Whether to Grant Default Judgment (*Eitel* Factors)

On entry of a default, well-pled allegations in the complaint regarding liability are generally deemed true. *See Geddes v. United Fin. Corp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Cripps v. Life Insurance Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[C]laims which are legally insufficient[] are not established by default."); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (holding that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment"). Allegations as to damages, however, must be proven. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987). Where damages are liquidated (*i.e.*, ascertainable from definite figures contained in the documentary evidence or in detailed affidavits), default judgment may be entered without a damages hearing. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Allergan Inc. v. Mira Life Group Inc.*, 2004 U.S. Dist. LEXIS 26881, at *9 (C.D. Cal. June 9, 2004). The court need not make detailed findings of fact in the event of default. *See Adriana Int'l Corp.. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

This Court has discretion to refuse to enter a default judgment in an appropriate case. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may consider a variety of factors in the exercise of such discretion, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Whether a plaintiff has properly stated a claim is related to the second and

third *Eitel* factors. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (referring to "the first two *Eitel* factors").  All of the *Eitel* factors but the last factor (which would appear to always work in defaulting defendants' favor) work in EFT's favor here.

EFT would be prejudiced if it were unable to prosecute this action simply because CTX failed to secure counsel.  The second and third *Eitel* factors are discussed below in connection with the sufficiency of EFT's allegations.  Although the sum of money at stake here is relatively large – $2,500,000 in damages – that is not a reason to deny default here, as CTX was well aware from the SAC that EFT sought that amount. *See, e.g.*, SAC ¶ 75.  If there was any dispute concerning material facts, CTX lost any opportunity to make its case in that regard when it failed to secure substitute counsel.  There is no excusable neglect in connection with CTX's default here – it had actively litigated this matter while represented by counsel, knew that the Court had permitted the withdrawal of its counsel, and was on notice that, as a corporation, it was required to secure new representation because corporations cannot litigate as pro pers. *See Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993). Finally, while there is a preference for disposing of cases on their merits, CTX's non-participation makes that impossible (at least as to CTX).

B. <u>Requirements Under Local Rules for Default Judgment Applications</u>

Under Local Rule 55-1, a party requesting default judgment must make a showing as to the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting parties are infants or incompetent persons, and if so, whether they are represented by a general guardian, committee, conservator or other representative; (4) that the defendants are not in military service such that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting parties, if required by Fed. R. Civ. P. 55(b)(2). *See* C.D. Cal. L.R. 55-1; *see also*

[PROPOSED] DEFAULT JUDGMENT AGAINST CTX VIRTUAL TECHNOLOGIES, INC.

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Default judgment is sought here with respect to the SAC. As noted above, CTX's default was entered on May 26, 2016. (*See* Doc. No. 81; *see also* Stein Decl. (Doc. No. 91) ¶ 10.) CTX is a business entity, not an infant or incompetent person, and not subject to the Servicemembers Civil Relief Act. *See* Stein Decl. ¶¶ 12-13. EFT served CTX with the instant motion by mail on July 20, 2016. *See id.* ¶ 14.

C. <u>The Claims Against CTX Are Stated Properly in the SAC</u>

As noted above, the second and third *Eitel* factors relate to whether EFT has properly stated a claim. It is apparent that EFT has done so here, in connection with all three of the claims it pled against CTX. The implied covenant of good faith and fair dealing is used to prevent a contracting party from frustrating another party's right to receive the benefits of the parties' actual contract. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 349 (2000); *see also Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937-38 (9th Cir. 1999) ("[T]he covenant is implied…to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights of the benefits of the contract.").

EFT's theory is that CTX breached that covenant here by failing to take the company public, thereby harming the value of EFT's investment, especially in connection with the later dilution of that investment through later rounds of financing. As noted above, EFT's SAC contains allegations supporting that theory. *See* SAC ¶¶ 21(b), 24, 35. It has otherwise properly pled all the recognized elements of this claim. *See id.* ¶¶ 20-21, 37-41; *see also Reinhardt v. Gemini Motor Transport*, 879 F.Supp.2d 1138, 1145 (E.D. Cal. 2012) ("The elements necessary to establish a breach of the covenant of good faith and fair dealing are: '(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the plaintiff's performance occurred;

(4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.'") (quoting *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010)). CTX's default means that it has admitted the truth of the allegations.

"The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (9th Cir. 2004). EFT has plainly pled all of these elements here. *See, e.g.*, SAC ¶¶ 13-17, 19, 20, 28-30, 55-62, 66-75. Again, because CTX has defaulted, it has admitted the allegations.

        D. <u>Calculation of Damages</u>

EFT is entitled to an award of $2.5 million in damages. EFT plainly sought that amount in the SAC, and it represents the amount of its $5,000,000 investment – money in CTX's pocket only due to CTX's alleged fraudulent misrepresentations/concealments – that it has been unable to recoup because of CTX's failure to take the steps necessary to have its stock listed on an exchange – the "benefit" that EFT has been deprived of by CTX's breach of the implied covenant. *See* Qin Decl. (Doc. No. 91) ¶¶ 8-11; *see also* Schwarzer & Tashima § 6:92.1, at 6-24 ("If proximate cause is properly alleged in the complaint, it is admitted upon default. The fact of injury is thus established and plaintiff need only prove that the 'compensation sought relates to the damages that naturally flow from the injuries pleaded.'") (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).

"Unless a federal statute, these rules, or a court order provides otherwise, costs –other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Thus, a costs award is appropriate given Federal Rule of Civil Procedure 54(d). EFT seeks costs against CTX in the amount of $2,883.51. *See*

[PROPOSED] DEFAULT JUDGMENT AGAINST CTX VIRTUAL TECHNOLOGIES, INC.

Stein Decl. ¶ 17. For the reasons set forth in this Court's Tentative Ruling on EFT's Application for Default Judgment, the Court will not grant EFT's request for punitive damages or pre-judgment interest against CTX.

## IV. CONCLUSION

For the foregoing reasons, Judgment is entered in favor of EFT and against CTX as to the first, third, and fourth causes of action asserted in the Second Amended Complaint in the amount of $2,500,000.00 in damages and $2,883.51 in costs.

Defendants Buckman, Buckman, & Reid, Inc. and Peter Lau are permitted to apply for a Nunc Pro Tunc Order if they determine at some future point in this matter that this judgment has had an improper or detrimental effect on their rights as parties.

**IT IS SO ORDERED.**

Dated: September 6, 2016

_____
GEORGE H. WU, U.S. District Judge

8

[PROPOSED] DEFAULT JUDGMENT AGAINST CTX VIRTUAL TECHNOLOGIES, INC.

Stein Decl. ¶ 17. For the reasons set forth in this Court's Tentative Ruling on EFT's Application for Default Judgment, the Court will not grant EFT's request for punitive damages or pre-judgment interest against CTX.

## IV. CONCLUSION

For the foregoing reasons, Judgment is entered in favor of EFT and against CTX as to the first, third, and fourth causes of action asserted in the Second Amended Complaint in the amount of $2,500,000.00 in damages and $2,883.51 in costs.

Defendants Buckman, Buckman, & Reid, Inc. and Peter Lau are permitted to apply for a Nunc Pro Tunc Order if they determine at some future point in this matter that this judgment has had an improper or detrimental effect on their rights as parties.

**IT IS SO ORDERED.**

Dated: September 6, 2016

_____
GEORGE H. WU, U.S. District Judge