**FREEMAN MATHIS & GARY, LLP**
THEODORE C. PETERS (CA Bar No. 235115)
tpeters@fmglaw.com
ELIZABETH G. FELLMETH (CA Bar No. 300015)
efellmeth@fmglaw.com
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

Attorneys for Defendants Buckman, Buckman & Reid, Inc. and Peter Lau

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EFT HOLDINGS, INC., f/k/a EFT BIOTECH HOLDINGS, INC., a Nevada corporation,

Plaintiffs,

v.

CTX VIRTUAL TECHNOLOGIES, INC., a Delaware corporation; BUCKMAN, BUCKMAN & REID, INC., a Delaware corporation; CLIFF RHEE, an individual; and PETER LAU, an individual,

Defendants.

Case No. 2:15-cv-01597-GW (RAOx)
[Honorable. George H. Wu, Presiding]

**PROPOSED REVISED VERDICT FORMS**

Action Filed: March 4, 2015
Trial Date: November 7, 2017

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

Plaintiff EFT Holdings, Inc. and Defendants Buckman, Buckman & Reid, Inc., and Peter Lau submit their proposed revised jury instructions.

**VERDICT AS TO CLAIMS OF PLAINTIFF EFT HOLDINGS, INC.**

We, the jury in the above entitled action, answer the questions submitted to us as follows:

**Third Cause of Action – Fraud-Misrepresentation**

1. Did Defendants represent to Plaintiff a material fact that was false?

____ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, skip questions 2 through 6 and proceed to question 7.

2. Did Defendants know the representation was false when they made it, or did Defendants make the representation recklessly and without regard for its truth?

____ Yes ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, skip questions 3 through 6 and proceed to question 7.

3. Did Defendants intend that Plaintiff rely on the false representation?

____ Yes ____ No

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

If your answer to question 3 is yes, then answer question 4. If you answered no, skip question 4 through 6 proceed to question 7.

4. Did Plaintiff reasonably rely on Defendants' false representation?

____ Yes ____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, skip question 5 and 6 and proceed to question 7.

5. Was Plaintiff harmed by its representation on Defendants' false representation?

____ Yes ____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, skip question 6 and proceed to question 7.

6. Was Plaintiff's reliance on Defendants' false representation a substantial factor in causing its harm?

____ Yes ____ No

Proceed to question 7.

**Fourth Cause of Action – Concealment**

7. Did Defendants intentionally conceal or suppress a material fact in the due diligence they performed of CTX Virtual Technologies, Inc. ("CTX");

____ Yes ____ No

If your answer to question 7 is yes, then answer question 8. If you answered no, skip questions 7 through 13 and proceed to question 14.

8. Did Defendants owe Plaintiff a duty to disclose the material fact to Plaintiff?

If your answer to question 8 is yes, then answer question 9. If you answered no, skip questions 8 through 13 and proceed to question 14.

9. Was the material fact Defendants intentionally concealed or suppressed unknown to Plaintiff and not reasonably discoverable by Plaintiff?

____ Yes ____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, skip questions 9 through 13 and proceed to question 14.

10. Did Defendants intend to deceive Plaintiff by concealing or suppressing the material fact?

____ Yes ____ No

If your answer to question 10 is yes, then answer question 11. If you answered no, skip questions 10 through 13 and proceed to question 14.

11. Had the omitted material fact been disclosed, would Plaintiff reasonably have behaved differently?

____ Yes ____ No

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

If your answer to question 11 is yes, then answer question 12. If you answered no, skip questions 11 through 13 and proceed to question 14.

12. Was Plaintiff was harmed by Defendants' concealment or suppression of the material fact?

____ Yes ____ No

If your answer to question 12 is yes, then answer question 13. If you answered no, skip questions 12 and 13 and proceed to question 14.

13. Was Defendants' concealment or suppression of the material fact a substantial factor in causing harm to Plaintiff?

____ Yes ____ No

Proceed to question 14.

**Second Cause of Action – Breach of Fiduciary Duty**

14. Was Plaintiff a customer of Defendants at the time Defendants recommended a common stock unit offering investment in CTX Virtual Technologies, Inc. ("CTX")?

____ Yes ____ No

If your answer to question 14 is yes, then answer question 15. If you answered no, skip questions 14 through 18 and proceed to question 19.

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

15. Did Defendants act on Plaintiff's behalf for purposes of recommending a common stock unit offering investment in CTX?

____ Yes ____ No

If your answer to question number 15 is yes, then answer number 16. If you answered no, skip questions 15 through 18 and proceed to question 19.

16. Did Defendants fail to act as a reasonably careful placement agent would have acted under the same or similar circumstances in recommending a common stock unit offering investment in CTX;

____ Yes ____ No

If your answer to question 16 is yes, then answer question 17. If you answered no, skip questions 16 through 18 and proceed to question 19.

17. Was Plaintiff harmed as a consequence of following Defendants' recommendation?

____ Yes ____ No

If your answer to question 17 is yes, then answer question 18. If you answered no, skip question 17 and 18 and proceed to question 19.

18. Was Defendants' conduct a substantial factor in causing Plaintiff's harm?

____ Yes ____ No

Proceed to question 19.

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

## **Damages**

19. If you answered yes to *all* of questions 1 through 6; and/or yes to *all* of questions 7 through 13; and/or yes to *all* of questions 14 through 18, then answer question 20.

If you answered no to *any* of questions 1 through 6; and no to *any* of questions 7 through 13; and no to *any* of questions 14 through 18, then stop here, answer no further questions, and have the presiding juror sign and date this form

20. What are Plaintiff's damages?

TOTAL $___________

Signed: ________________
Presiding Juror

Dated: _________

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in this courtroom.

**VERDICT AS TO CLAIMS OF PLAINTIFF EFT HOLDINGS, INC.**

We, the jury in the above entitled action, answer the questions submitted to us as follows:

**Third Cause of Action – Fraud-Misrepresentation**

1. Did Defendants represent to Plaintiff a material fact that was false?

   ____ Yes ____ No

   If your answer to question 1 is yes, then answer question 2. If you answered no, skip questions 2 through 6 and proceed to question 7.

2. Did Defendants know the representation was false when they made it, or did Defendants make the representation recklessly and without regard for its truth?

   ____ Yes ____ No

   If your answer to question 2 is yes, then answer question 3. If you answered no, skip questions 3 through 6 and proceed to question 7.

3. Did Defendants intend that Plaintiff rely on the false representation?

   ____ Yes ____ No

   If your answer to question 3 is yes, then answer question 4. If you answered no, skip question 4 through 6 proceed to question 7.

4. Did Plaintiff reasonably rely on Defendants' false representation?

   ____ Yes ____ No

   If your answer to question 4 is yes, then answer question 5. If you answered no, skip question 5 and 6 and proceed to question 7.

5. Was Plaintiff harmed by its representation on Defendants' false representation?

____ Yes ____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, skip question 6 and proceed to question 7.

6. Was Plaintiff's reliance on Defendants' false representation a substantial factor in causing its harm?

____ Yes ____ No

Proceed to question 7.

**Fourth Cause of Action – Concealment**

7. Did Defendants intentionally conceal or suppress a material fact in the due diligence they performed of CTX Virtual Technologies, Inc. ("CTX");

____ Yes ____ No

If your answer to question 7 is yes, then answer question 8. If you answered no, skip questions 7 through 13 and proceed to question 14.

8. Did Defendants owe Plaintiff a duty to disclose the material fact to Plaintiff?

If your answer to question 8 is yes, then answer question 9. If you answered no, skip questions 8 through 13 and proceed to question 14.

9. Was the material fact Defendants intentionally concealed or suppressed unknown to Plaintiff and not reasonably discoverable by Plaintiff?

____ Yes ____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, skip questions 9 through 13 and proceed to question 14.

10. Did Defendants intend to deceive Plaintiff by concealing or suppressing the material fact?

____ Yes ____ No

If your answer to question 10 is yes, then answer question 11. If you answered no, skip questions 10 through 13 and proceed to question 14.

11. Had the omitted material fact been disclosed, would Plaintiff reasonably have behaved differently?

____ Yes ____ No

If your answer to question 11 is yes, then answer question 12. If you answered no, skip questions 11 through 13 and proceed to question 14.

12. Was Plaintiff was harmed by Defendants' concealment or suppression of the material fact?

____ Yes ____ No

If your answer to question 12 is yes, then answer question 13. If you answered no, skip questions 12 and 13 and proceed to question 14.

13. Was Defendants' concealment or suppression of the material fact a substantial factor in causing harm to Plaintiff?

____ Yes ____ No

Proceed to question 14.

**Second Cause of Action – Breach of Fiduciary Duty**

14. Was Plaintiff a customer of Defendants at the time Defendants recommended a common stock unit offering investment in CTX Virtual Technologies, Inc. ("CTX")?

____ Yes ____ No

If your answer to question 14 is yes, then answer question 15. If you answered no, skip questions 14 through 18 and proceed to question 19.

15. Did Defendants act on Plaintiff's behalf for purposes of recommending a common stock unit offering investment in CTX?

____ Yes ____ No

If your answer to question number 15 is yes, then answer number 16. If you answered no, skip questions 15 through 18 and proceed to question 19.

16. Did Defendants fail to act as a reasonably careful placement agent would have acted under the same or similar circumstances in recommending a common stock unit offering investment in CTX;

____ Yes ____ No

If your answer to question 16 is yes, then answer question 17. If you answered no, skip questions 16 through 18 and proceed to question 19.

17. Was Plaintiff harmed as a consequence of following Defendants' recommendation?

____ Yes ____ No

If your answer to question 17 is yes, then answer question 18. If you answered no, skip question 17 and 18 and proceed to question 19.

18. Was Defendants' conduct a substantial factor in causing Plaintiff's harm?

____ Yes ____ No

Proceed to question 19.

**Damages**

19. If you answered yes to *all* of questions 1 through 6; and/or yes to *all* of questions 7 through 13; and/or yes to *all* of questions 14 through 18, then answer question 20.

If you answered no to *any* of questions 1 through 6; and no to *any* of questions 7 through 13; and no to *any* of questions 14 through 18, then stop here, answer no further questions, and have the presiding juror sign and date this form

20. What are Plaintiff's damages?

TOTAL $___________

Signed: ________________
Presiding Juror

Dated: _________

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in this courtroom.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EFT HOLDINGS, INC., f/k/a EFT BIOTECH HOLDINGS, INC., a Nevada corporation,<br><br>Plaintiffs,<br>vs.<br><br>CTX VIRTUAL TECHNOLOGIES, INC., a Delaware corporation; BUCKMAN, BUCKMAN, & REID, INC., a Delaware corporation, CLIFF RHEE, an individual; PETER LAU, an individual,<br><br>Defendants. | Case No.: CV15-01597 GW(RAOx)<br><br>VERDICT FORM |

We answer the questions submitted to us as follows:

**I. BREACH OF FIDUCIARY DUTY CLAIM AGAINST BUCKMAN, BUCKMAN & REID, INC.**

1. Were BUCKMAN, BUCKMAN & REID, INC. and EFT HOLDINGS, INC. in a stockbroker-dealer relationship?

_____Yes _____No

If your answer to question 1 is yes, then answer question 2. If you answered no, then answer question 7.

2. Did BUCKMAN, BUCKMAN & REID, INC. act on EFT HOLDINGS, INC.'s behalf for purposes of the purchase and sale of the CTX private placement in the amount of $5,000,000 convertible debenture in July 2010?

_____Yes _____No

If your answer to question 2 is yes, then answer question 3. If you answered no, then answer question 7.

3. Did BUCKMAN, BUCKMAN & REID, INC. fail to act as a reasonably careful stockbroker-dealer would have acted under the same or similar circumstances;

_____Yes _____No

If your answer to question 3 is yes, then answer question 4. If you answered no, then answer question 7.

4. Was EFT HOLDINGS, INC. harmed by BUCKMAN, BUCKMAN & REID, INC.'s conduct?

_____Yes _____No

If your answer to question 4 is yes, then answer question 5. If you answered no, then answer question 7.

5. Was BUCKMAN, BUCKMAN & REID, INC.'s conduct a substantial factor in causing EFT HOLDINGS, INC.'s harm?

_____Yes _____No

If your answer to question 5 is yes, then answer question 6. If you answered no, then answer question 7.

6. What are EFT HOLDINGS, INC.'s damages related only to the Breach of Fiduciary Duty claim against BUCKMAN, BUCKMAN & REID, INC.?

$________________

Proceed to question 7.

## II. BREACH OF FIDUCIARY DUTY CLAIM AGAINST PETER LAU

7. Were PETER LAU and EFT HOLDINGS, INC. in a stockbroker-dealer relationship?

_____Yes _____No

If your answer to question 7 is yes, then answer question 8. If you answered no, then answer question 17.

8. Did PETER LAU act on EFT HOLDINGS, INC.'s behalf for purposes of the purchase and sale of the CTX private placement in the amount of $5,000,000 convertible debenture in July 2010?

_____Yes _____No

If your answer to question 8 is yes, then answer question 9. If you answered no, then answer question 13.

9. Did PETER LAU fail to act as a reasonably careful stockbroker-dealer would have acted under the same or similar circumstances;

_____Yes _____No

If your answer to question 9 is yes, then answer question 10. If you answered no, then answer question 13.

10. Was EFT HOLDINGS, INC. harmed by PETER LAU's conduct?

_____Yes _____No

If your answer to question 10 is yes, then answer question 11. If you answered no, then answer question 13.

11. Was PETER LAU's conduct a substantial factor in causing EFT HOLDINGS,

INC.'s harm?

_____Yes _____No

If your answer to question 11 is yes, then answer question 12. If you answered no, then answer question 13.

12. What are EFT HOLDINGS, INC.'s damages related only to the Breach of Fiduciary Duty claim against PETER LAU *(do not include any other damages/amounts)*?

$_______________

Proceed to question 13.

**III. FRAUD-MISREPRESENTATION AGAINST BUCKMAN, BUCKMAN & REID, INC.**

13. Did BUCKMAN, BUCKMAN & REID, INC. make a false representation to EFT HOLDINGS, INC.?

_____Yes _____No

If your answer to question 13 is yes, then answer question 14. If you answered no, then answer question 20.

14. Did BUCKMAN, BUCKMAN & REID, INC. know that the representation was false, or did it make the representation recklessly and without regard for its truth?

_____Yes _____No

If your answer to question 14 is yes, then answer question 15. If you answered no, then answer question 20.

15. Did BUCKMAN, BUCKMAN & REID, INC. intend that EFT HOLDINGS, INC. rely on the representation?

_____Yes _____No

If your answer to question 15 is yes, then answer question 16. If you answered no, then

answer question 20.

16. Was EFT HOLDINGS, INC.'s reliance on BUCKMAN, BUCKMAN & REID, INC.'s representation a substantial factor in causing harm to EFT HOLDINGS, INC.?

_____Yes _____No

If your answer to question 16 is yes, then answer question 17. If you answered no, then answer question 20.

17. What are EFT HOLDINGS, INC.'s damages?

$_________________

Proceed to question 18.

18. Did EFT HOLDINGS, INC. prove by clear and convincing evidence that BUCKMAN, BUCKMAN & REID, INC. engaged in the conduct with malice, oppression, or fraud?

_____Yes _____No

If your answer to question 18 is yes, then answer question 19. If you answered no, then answer question 20.

19. What amount, if any, do you award as punitive damages against BUCKMAN, BUCKMAN & REID, INC.?

$_________________

Proceed to question 20.

**IV. FRAUD-MISREPRESENTATION AGAINST PETER LAU**

20. Did PETER LAU make a false representation to EFT HOLDINGS, INC.?

_____Yes _____No

If your answer to question 20 is yes, then answer question 21. If you answered no, then

answer question 27.

21. Did PETER LAU know that the representation was false, or did it make the representation recklessly and without regard for its truth?

_____Yes _____No

If your answer to question 21 is yes, then answer question 22. If you answered no, then answer question 27.

22. Did PETER LAU intend that EFT HOLDINGS, INC. rely on the representation?

_____Yes _____No

If your answer to question 22 is yes, then answer question 23. If you answered no, then answer question 27.

23. Was EFT HOLDINGS, INC.'s reliance on PETER LAU's representation a substantial factor in causing harm to EFT HOLDINGS, INC.?

_____Yes _____No

If your answer to question 23 is yes, then answer question 24. If you answered no, then answer question 27.

24. What are EFT HOLDINGS, INC.'s damages?

$____________________

Proceed to question 25.

25. Did EFT HOLDINGS, INC. prove by clear and convincing evidence that PETER LAU engaged in the conduct with malice, oppression, or fraud?

_____Yes _____No

If your answer to question 18 is yes, then answer question 19. If you answered no, then answer question 27.

26. What amount, if any, do you award as punitive damages against PETER LAU?

$_________________

Proceed to question 27.

**V. FRAUD-CONCEALMENT AGAINST BUCKMAN, BUCKMAN & REID, INC.**

27. Did BUCKMAN, BUCKMAN & REID, INC. intentionally fail to disclose facts that EFT HOLDINGS, INC. did not know and could not reasonably have discovered?

_____Yes _____No

If your answer to question 27 is yes, then answer question 28. If you answered no, then answer question 34.

28. Did BUCKMAN, BUCKMAN & REID, INC. intend to deceive EFT HOLDINGS, INC. by concealing the fact?

_____Yes _____No

If your answer to question 28 is yes, then answer question 29. If you answered no, then answer question 34.

29. Had the omitted information been disclosed, would EFT HOLDINGS, INC. reasonably have behaved differently?

_____Yes _____No

If your answer to question 29 is yes, then answer question 30. If you answered no, then answer question 34.

30. Was BUCKMAN, BUCKMAN & REID, INC.'s concealment a substantial factor in causing harm to EFT HOLDINGS, INC.?

_____Yes _____No

If your answer to question 30 is yes, then answer question 31. If you answered no, then

answer question 34.

31. What are EFT HOLDINGS, INC.'s damages?

$_________________

Proceed to question 32.

32. Did EFT HOLDINGS, INC. prove by clear and convincing evidence that BUCKMAN, BUCKMAN & REID, INC. engaged in the conduct with malice, oppression, or fraud?

_____Yes _____No

If your answer to question 32 is yes, then answer question 33. If you answered no, then answer question 34.

33. What amount, if any, do you award as punitive damages against BUCKMAN, BUCKMAN & REID, INC.?

$_________________

Proceed to question 34.

## VI. FRAUD-CONCEALMENT AGAINST PETER LAU

34. Did PETER LAU intentionally fail to disclose facts that EFT HOLDINGS, INC. did not know and could not reasonably have discovered?

_____Yes _____No

If your answer to question 34 is yes, then answer question 35. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

35. Did PETER LAU intend to deceive EFT HOLDINGS, INC. by concealing the fact?

_____Yes _____No

If your answer to question 35 is yes, then answer question 36. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

36. Had the omitted information been disclosed, would EFT HOLDINGS, INC. reasonably have behaved differently?

_____Yes _____No

If your answer to question 36 is yes, then answer question 37. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

37. Was PETER LAU's concealment a substantial factor in causing harm to EFT HOLDINGS, INC.?

_____Yes _____No

If your answer to question 37 is yes, then answer question 38. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

38. What are EFT HOLDINGS, INC.'s damages?

$_________________

Proceed to question 39.

39. Did EFT HOLDINGS, INC. prove by clear and convincing evidence that PETER LAU engaged in the conduct with malice, oppression, or fraud?

_____Yes _____No

If your answer to question 39 is yes, then answer question 40. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

40. What amount, if any, do you award as punitive damages against PETER LAU?

$_________________

Dated: ________________ ______________________________

Presiding Juror

After this verdict has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 3030 Old Ranch Parkway, Suite 280, Seal Beach, California 90740.

On October 20, 2017, I served the following document described as:

**PROPOSED REVISED VERDICT FORMS**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

( ) **By U.S. Mail:** I deposited such envelopes in the mail at Seal Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( ) **By Personal Service:** I caused such envelope to be delivered by hand to the individuals below at the addresses listed.

( ) **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X) **By Electronic mail:** I caused the above-referenced document(s) to be transmitted to the below-named persons.

(X) (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on October 20, 2017, at Seal Beach, California.

*/s/Carole Serrano*____
Carole Serrano

**SERVICE LIST**

EFT Holdings, Inc., et al. v. CTX Virtual Technologies, Inc., et al.

USDC Case No. 2:15-cv-01597 GW (RAOx)

| **ATTORNEYS FOR PLAINTIFFS:** | **ATTORNEYS FOR DEFENDANT GEORGE CURRY:** |
|---|---|
| Lawrence C. Ecoff, Esq.<br>Alberto J. Campain, Esq.<br>**ECOFF CAMPAIN & TILLES, LLP**<br>280 S. Beverly Drive, Suite 504<br>Beverly Hills, CA 90212<br>Tel: 310 887-1850<br>Fax: 310 887-1855<br>Email: ecoff@ecofflaw.com<br>Email: campain@ecofflaw.com<br><br>Robert S. Altagen, Esq.<br>**LAW OFFICES OF ROBERT S. ALTAGEN INC.**<br>1111 Corporate Center Drive, Suite 201<br>Monterey Park, CA 91754<br>Tel: 323-268-9588<br>Fax: 323-268-8742<br>Email: rsaink@earthlink.net | Dick P. Sindicich, Esq.<br>**ZHONG LUN LAW FIRM**<br>4332 Wilshire Boulevard, Suite 200<br>Los Angeles, CA 90010<br>Tel: (323) 930-5690<br>Fax (323) 930-5693<br>Email: dicksindicich@zhonglun.com |

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254